IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**DERALD D. YOCUM,**

        Plaintiff,

    v.

**C/O BRIGGS; C/O APPLE; C/O PHILLIPS; Lt. FROST; CAPTAIN MANU,**

        Defendants.

No. 3:14-cv-00422-MO

OPINION AND ORDER

**MOSMAN, J.**,

On July 16, 2015, Defendants filed a Motion to Dismiss for Failure to State a Claim [33] as to Plaintiff's Amended Complaint [26]. Defendants argue Plaintiff's new complaint does not meet the standards set out for an amended complaint in my Order of Dismissal [18]. For the reasons stated below, I GRANT in part and DENY in part Defendants' motion. Their motion is DENIED with respect to Claims 1 and 2 against Defendant Briggs and Claim 1 against Defendants Manu and Frost. Their motion is GRANTED as to the remainder of the claims and defendants.

## BACKGROUND

On March 13, 2014, Plaintiff filed a complaint alleging Defendants had violated his constitutional rights. Plaintiff alleged: 1) Defendants were verbally abusive, spat on him, and caused him to urinate and defecate on himself in violation of the Eight Amendment; 2)

1 – OPINION AND ORDER

Defendant Briggs substantially burdened Plaintiff's religious exercise in violation of the First Amendment; and 3) Defendants were deliberately indifferent to Plaintiff's medical conditions and denied him medical care. I dismissed Plaintiff's claim without prejudice, instructing:

> If and when Mr. Yocum files an amended complaint, that complaint must contain additional facts that support his claims. Specifically, in Claim 1 Mr. Yocum needs to detail what the officers did to get retribution and how they reprimanded him. Mr. Yocum needs to show that he was deprived of something sufficiently serious such that its deprivation constitutes a cruel and unusual punishment. Mr. Yocum must also plead additional facts to show how Lt. Frost and Captain Manu participated in or directed the violation of his 8th Amendment rights. In Claim 2, Mr. Yocum needs to plead additional facts to show how his attendance at the 12 step meetings is tied to a sincerely held religious belief. Finally, for Claim 3, Mr. Yocum must plead additional facts to show who denied him medical care, what they knew about his medical condition, and how that ultimately led to his contraction of esophageal cancer [18].

Mr. Yocum filed an amended complaint on May 15, 2015 [26].

## LEGAL STANDARDS

Dismissal is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief. *Morley v. Walker,* 175 F.3d 756, 759 (9th Cir.1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint and construes them in the light most favorable to the plaintiff. *Warshaw v. Xoma Corp.,* 74 F.3d 955, 957 (9th Cir.1996). The court must "construe a *pro se* plaintiff's pleadings liberally and . . . afford the petitioner the benefit of any doubt." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012

## DISCUSSION

### I.    Claim 1

In dismissing Plaintiff's claim for violations of the Eight Amendment, I instructed Plaintiff to include in his amended complaint what the officers did to get retribution and how

2 – OPINION AND ORDER

they reprimanded him.  In addition, I told Plaintiff to show violations sufficiently serious to be considered cruel and unusual.

In his amended complaint, Plaintiff does not show any violations by Defendants Apple and Phillips sufficient to rise to the level of cruel and usual punishment.  Plaintiff alleges that Defendant Apple dismissed Plaintiff and gave Plaintiff a "daily fail" for a bad attitude.  Similarly, Plaintiff alleges that Defendant Phillips yelled at Plaintiff and that Defendant Phillips's spittle landed on Plaintiff.  However, the Ninth Circuit has held "the exchange of verbal insults between inmates and guards is a constant, daily ritual observed in this nation's prisons of which we do not approve, but which does not violate the Eighth Amendment." *Watison v. Carter*, 668 F.3d 1108, 1113 (9th Cir. 2012). Defendant Phillips's and Defendant Apple's actions do not rise to a level sufficient to violate the Eight Amendment. Therefore I GRANT Defendants' Motion and DISMISS Claim 1 against Defendants Apple and Phillips.

Plaintiff does allege a sufficiently serious violation by Defendant Briggs.  Plaintiff claims Defendant Briggs deprived Plaintiff of access to the bathroom causing Plaintiff to urinate and defecate in his pants. (Pl. Amend. Compl. p.1; Pl. Resp. p.1)  Neither Defendants' motion to dismiss nor their reply addresses this contention directly.  The Ninth Circuit has held "although we have no doubt that toilets can be unavailable for some period of time without violating the Eighth Amendment, the plaintiffs in this case testify that the state imposed conditions inescapably resulting in prisoners wetting each other with urine. This evidence, if believed, would allow a fact-finder to conclude that the plaintiffs suffered a sufficiently serious deprivation to violate the Eighth Amendment." *Johnson v. Lewis*, 217 F.3d 726, 733 (9th Cir. 2000).  Although in this case Plaintiff wet himself rather than others, he has alleged a claim that,

3 – OPINION AND ORDER

if true, is sufficiently serious to violate the Eighth Amendment. Therefore, I DENY the motion to dismiss Claim 1 against Defendant Briggs.

Defendants Frost and Manu are supervisors who did not have direct interaction with Plaintiff. Plaintiff alleges they violated his constitutional rights because they knew of, but did nothing to stop, their subordinates' unconstitutional actions. The basis for such a claim has been recognized by the Ninth Circuit. *Starr v. Baca* 652 F.3d 1202, 1208 (9th Cir. 2011). In *Starr,* the Ninth Circuit held that a Plaintiff could pursue a supervisory liability claim of deliberate indifference against a sheriff in violation of the Eight and Fourteenth Amendments because the sheriff failed to protect inmates under his care despite the knowledge that they were in danger because of culpable acts of his subordinates. *Id.* A supervisor's acquiescence or culpable indifference to constitutional violations is sufficient to show that the supervisor "personally played a role in the alleged constitutional violation." *Menotti v. City of Seattle,* 409 F.3d 1113, 1149 (9th Cir. 2005); *see also Dubner v. City & Cnty. of San Francisco,* 266 F.3d 959, 968 (9th Cir. 2001) (causal connection for supervisor liability satisfied by supervisor "knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury").

Under the supervisory liability theory of deliberate indifference, Plaintiff has made out a sufficient claim to survive a motion to dismiss. *Johnson v. Lewis*, 217 F.3d 726, 734 (9th Cir. 2000) ("The defendant officials [must have] had actual knowledge of the plaintiffs' basic human needs and deliberately refused to meet those needs. Whether an official possessed such knowledge is a question of fact.") Plaintiff alleges that Defendants Manu and Frost knew about the constitutional violations he suffered because he sent them kytes detailing those violations. He alleges that they were deliberately indifferent when they chose to do nothing, thereby

4 – OPINION AND ORDER

allowing the violations to continue. However, Plaintiff's claim of deliberate indifference, like his direct claims, must still be rooted in treatment significant enough to be cruel and usual. As such, only the claim against Defendants Frost and Manu rooted in their knowledge and disregard of Defendants Briggs's actions survive. I DENY Defendants' Motion as to Defendants Frost and Manu.

## II. Claim 2

In granting the first dismissal, I stated Plaintiff must plead additional facts to show how his attendance at the 12-step meeting of Alcoholics Anonymous ("AA") is tied to a sincerely held religious belief. He has done so by listing four of the steps which reference a higher power and declaring AA is his religion. The Ninth Circuit has found AA to be "substantially based in religion;" "comprising intensely religious events;" and "fundamentally based on a religious concept of a Higher Power." *Inouye v. Kemna*, 504 F.3d 705, 713 (9th Cir. 2007). Given Plaintiff's statements about a higher power and his own declaration of belief, Plaintiff has stated sufficient facts to overcome Defendants' motion.

Defendants further argue Plaintiff has not shown how Defendant Briggs substantially burdened Plaintiff's religious exercise. Whether or not Defendant Briggs's actions amount to a substantial burden is a fact-based inquiry that Plaintiff may be able to show based on what he has pleaded. Since there exist some set of facts rooted in Plaintiff's pleading that can support his claim, I DENY Defendants' Motion on Claim 2.

## III. Deliberate Indifference and Denial of Medical Care Claim

In initially dismissing Plaintiff's claim for denial of medical care, I indicated that Plaintiff needed to articulate who denied him medical care, what they knew of his condition and how that lead to him getting cancer.

Plaintiff has not connected any of the named Defendants to these allegations in his amended complaint or his response. Instead, Plaintiff simply references "they" or "them." Because Plaintiff has not indicated which of the named defendants denied him medical care, Claim 3 is DISMISSED.

IT IS SO ORDERED.

DATED this   5th   day of November, 2015.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge

6 – OPINION AND ORDER