IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**DERALD D. YOCUM,**

       Plaintiff,

  v.

**C/O BRIGGS; Lt. FROST;** and
**CAPTAIN MANU,**

       Defendants.

No. 3:14-cv-00422-MO

OPINION AND ORDER

**MOSMAN, J.**,

    On January 4, 2016, Defendants filed a Motion for Partial Summary Judgment [47]. Defendants moved to dismiss all but one of the remaining claims due to Plaintiff's failure to exhaust all administrative remedies before bringing this action. For the following reasons, I GRANT in part and DENY in part Defendants' Motion for Partial Summary Judgment [47]. The motion is GRANTED as to Defendants Frost and Manu; it is DENIED as to Defendant Briggs.

## BACKGROUND

    After my previous ruling on Defendants' Motion to Dismiss [43], this case was left with two surviving claims and three defendants. Claim one is for cruel and unusual punishment based on harassment. Defendants Frost and Manu are supervisors who were alleged to have received kytes outlining abuses and ignored them. Defendant Briggs is an officer who allegedly spit on, yelled at, and improperly issued "daily fails" to Plaintiff.

1 – OPINION AND ORDER

In addition, Defendant Briggs allegedly threatened to discipline Plaintiff if he went to the bathroom without a pass and then refused to give him a pass, causing Plaintiff to soil himself.

Claim two is against Defendant Briggs for deprivation of Plaintiff's religious rights. Plaintiff claims Defendant Briggs's harassment before, during, and after Alcoholics Anonymous meetings created a substantial burden on Plaintiff's exercise of his religion.

Defendants move for partial summary judgment because Plaintiff, a pro se prisoner, failed to exhaust the grievance procedure in two ways. First, Plaintiff failed to file any grievances against two defendants, Lt. Frost and Captain Manu. Second, Plaintiff did not file correct grievances against Defendant Briggs for his second claim.

## DISCUSSION

As to the first claim, there is no evidence that Plaintiff ever submitted grievances against the two supervisors, something that is required to sustain a claim of supervisory liability. *Harper v. Hawkins*, 2016 WL 1261052, at *5 (D. Or. Mar. 30, 2016). I therefore GRANT the motion for partial summary judgment as to Defendants Frost and Manu.

Defendants acknowledge Plaintiff did exhaust his claim against Defendant Briggs for the first claim. The remaining question is whether Plaintiff exhausted his second claim against Defendant Briggs. Plaintiff filed several grievances, only one of which was properly exhausted. That grievance is titled "For Harassment" and outlines various ways in which Defendant Briggs harassed Plaintiff. Defendants argue it does not cover Plaintiff's deprivation of religion claim.

A grievance need not identify the legal theories an inmate is relying on. *McCollum v. Cal. Dept. of Corr. & Rehab.*, 647 F.3d 870, 876-77 (9th Cir. 2011). But, by the same token, the

grievance must alert jail officials to the nature of the wrong for which redress is sought, and the source of the problem. *Id.* at 876. The grievance must always provide at least enough information to allow officials to take appropriate responsive measures. *Griffin v. Arpaio*, 557 F.3d 1117, 1121 (9th Cir. 2009). For example, in *Griffin* a prisoner had requested a lower-bunk assignment for medical reasons, which a nurse had granted. *Id.* He then filed grievances requesting a ladder. What officials did not know, and what the plaintiff failed to tell them, was that staff was disregarding the nurse's order. *Id.* That was held to be insufficient to allow prison officials to take corrective action. *Id.* Similarly, in *McCollum*, prisoners complained that prison policies failed to provide for and accommodate certain Wiccan religious needs. *McCollum*, 647 F.3d at 876. They did not, however, complain that the problem was caused by lack of paid Wiccan chaplains, and the Ninth Circuit held the claims pertaining to lack of paid Wiccan chaplains were unexhausted. *Id.*

     Here, Plaintiff's grievance included language indicating Briggs threated Plaintiff "for talking to my facilitator outside of an A.A. meeting when he allowed other people to do the same thing making me afraid to go to my spiritual program of recovery." In the appeal of his grievance, he noted Briggs "would harass me preventing me from seeking a program of recover [sic] and rehabilitate myself through spirituality." Plaintiff mentions some type of interference with "spiritual recovery" at every point in the grievance process. Because he identifies the problem as interference with his A.A. meetings, which he considers to be spiritual, and because he identifies the source of the problem as Defendant Briggs, Plaintiff has exhausted his claim for religious interference under the Ninth Circuit's standard.

     Defendants argue Plaintiff's grievance was for harassment and for disparate treatment only. However, they ignore the fact that harassment is one way that the practice of religion can

3 – OPINION AND ORDER

be obstructed.  Furthermore, if Defendant Briggs's harassment prevented Plaintiff from practicing his religion, it is irrelevant how Defendant Briggs treated other people. Defendants' argument centers on the idea that a grievance can be for only one claim, something they implicitly undercut by arguing the grievance was for both harassment and disparate treatment. Oregon regulations do limit a grievance to "review of just one matter, action or incident per inmate grievance form."  OR. ADMIN. R. 291-109-0140.  Defendants enforced this principle by rejecting all of Plaintiff's other grievances for stating more than one matter, action, or incident. Indeed, they even did so initially with the grievance at issue.  However, after reviewing the resubmitted grievance, Defendants allowed it to proceed.  Any error in allowing multiple claims through is due to Defendants' actions.  Plaintiff has met the standard to exhaust by alerting jail officials to the nature and source of the wrong for the action he now brings.  As such, Defendants' Motion as to Defendant Briggs is DENIED.

## CONCLUSION

For the reasons stated above I GRANT in part and DENY in part Defendants' Motion for Partial Summary Judgment [47].  The motion is GRANTED as to Defendants Frost and Manu; it is DENIED as to Defendant Briggs.

IT IS SO ORDERED.

DATED this  16   day of May, 2016.


 /s/ Michael W. Mosman
MICHAEL W. MOSMAN
Chief United States District Judge